**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 113345

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Pamela Coleman, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Convergent Outsourcing, Inc.,<br><br>Defendant. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Pamela Coleman, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Convergent Outsourcing, Inc. (hereinafter referred to as "*Defendant*"), as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

1

## PARTIES

5. Plaintiff Pamela Coleman is an individual who is a citizen of the State of New York residing in Nassau County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant Convergent Outsourcing, Inc., is a Washington Corporation with a principal place of business in King County, Washington.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Defendant alleges Plaintiff owes a debt ("the Debt"), as the term "debt" is defined by 15 U.S.C. § 1692a(5).

11. An exact time known only to Defendant, the Debt was assigned or otherwise transferred to Defendant for collection.

12. In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the Letter") dated April 5, 2017. (**"Exhibit 1."**)

13. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

## FIRST COUNT
### Violation of 15 U.S.C. § 1692e
### False or Misleading Representations as to the Name of the Creditor to Whom the Debt is Owed

14. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

15. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

16. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

17. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

18. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

inaccurate.

19. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

20. For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify the creditor to whom the debt is owed is unfair and deceptive to the least sophisticated consumer.

21. The identity of creditor to whom the debt is owed is a material piece of information to a consumer.

22. Knowing the identity of creditor to whom the debt.

23. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to convey such clearly.

24. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to state such explicitly.

25. Even if a debt collector conveys the required information, the debt collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

26. When determining whether the name of the creditor to whom the debt is owed has been conveyed clearly, an objective standard, measured by how the "least sophisticated consumer" would interpret the notice, is applied.

27. The Letter states, "Creditor: Verizon."

28. The Letter fails to identify any entity as the "creditor to whom the debt is owed."

29. "Verizon," even if meant as the creditor to whom the debt is owed (which is not stated in the Letter), is not specific enough to apprise Plaintiff of the identity of the creditor to whom the debt is owed.

30. There is no entity named "Verizon" registered with the New York State Department of State, Division of Corporations.

31. Conversely, there are ninety-one (91) disparate entities registered in New York that begin their legal name with "Verizon."

32. The least sophisticated consumer would likely be confused as to which of the ninety-one (91) disparate entities registered in New York that begin their legal name with "Verizon" is the creditor to whom the debt is owed.

33. The least sophisticated consumer would likely be uncertain as to which of the

ninety-one (91) disparate entities registered in New York that begin their legal name with "Verizon" is the creditor to whom the debt is owed.

34. Defendant failed to explicitly state the name of the creditor to whom the debt is owed.

35. Defendant failed to clearly state the name of the creditor to whom the debt is owed.

36. The least sophisticated consumer would likely be confused as to the name of the creditor to whom the debt is owed.

37. The least sophisticated consumer would likely be uncertain as to the name of the creditor to whom the debt is owed.

38. Because the Letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

39. Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer, as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

40. The least sophisticated consumer would likely be deceived by the Letter.

41. The least sophisticated consumer would likely be deceived in a material way by the Letter.

42. Defendant violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

## SECOND COUNT
### Violation of 15 U.S.C. § 1692e

43. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

44. Assuming the Letter's reference to "Verizon" was meant to mean "Verizon Wireless Services," then the Debt is for a personal cellular telephone.

45. The statute of limitations for the Debt, pursuant to 47 U.S.C. § 415(a), is two years.

46. The statute of limitations for the Debt began to accrue prior to 2014.

47. The Letter was sent after the statute of limitation expired.

48. The Letter demands payment.

49. The Letter offers a partial payment settlement.

50. Making any payment on a time-barred debt may result in revival of Plaintiff's otherwise time-barred debt.

51. 22 N.Y.C.R.R. § 1.3 requires debt collectors to notify consumers that 1) the debt collector believes that the statute of limitations applicable to the debt may be expired; 2) suing on a debt for which the statute of limitations has expired is a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.; 3) if the consumer is sued on a debt for which the statute of limitations has expired, the consumer may be able to stop the lawsuit by responding to the court that the statute of limitations has expired; 4) the consumer is not required to provide the debt collector with an admission, affirmation, or acknowledgment of the debt, a promise to pay the debt, or a waiver of the statute of limitations; and 5) if the consumer makes any payment on a debt for which the statute of limitations has expired or admits, affirms, acknowledges, or promises to pay such debt, the statute of limitations may restart.

52. Notwithstanding the expiration of the statute of limitations to sue to recover the debt prior to the time Defendant sent Plaintiff the Letter, the Letter fails to provide any indication to Plaintiff that no legal action could be undertaken to attempt to recover the debt.

53. Notwithstanding the expiration of the statute of limitations to sue to recover the debt prior to the time Defendant sent Plaintiff the Letter, the Letter fails to inform Plaintiff that any partial payment by Plaintiff may result in the revival of Plaintiff's otherwise time-barred debt.

54. Notwithstanding the expiration of the statute of limitations to sue to recover the debt prior to the time Defendant sent Plaintiff the Letter, the Letter fails to provide the notifications required by 22 N.Y.C.R.R. § 1.3.

55. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

56. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

57. As a result of the omissions set forth above, the Letter would mislead the least sophisticated consumer to believe that the time-barred debt is legally enforceable; and therefore, Defendant violated 15 U.S.C. § 1692e(2)(A).

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

58. As a result of the omissions set forth above, the Letter would mislead the least sophisticated consumer to believe that making a partial payment would not revive the otherwise time-barred debt; and therefore, Defendant violated 15 U.S.C. § 1692e.

59. For the foregoing reasons, Defendant violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A) and 15 U.S.C. § 1692e(10).

## CLASS ALLEGATIONS

60. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendant attempted to collect a time-barred consumer debt incurred for cellular telephone services, without advising the consumer that no legal action could be undertaken to attempt to recover the debt and/or that any partial payment by the consumer may result in the revival of the consumer's otherwise time-barred debt, from one year before the date of this Complaint to the present.

61. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

62. Defendant regularly engages in debt collection.

63. The Class consists of more than 35 persons from whom Defendant attempted to collect a time-barred consumer debt incurred for cellular telephone services, without advising the consumer that no legal action could be undertaken to attempt to recover the debt and/or that any partial payment by the consumer may result in the revival of the consumer's otherwise time-barred debt.

64. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

65. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

66.   Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

67.   Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

  a. Certify this action as a class action; and

  b. Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

  c. Find that Defendant's actions violate the FDCPA; and

  d. Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

  e. Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

  f. Grant Plaintiff's costs; together with

  g. Such other relief that the Court determines is just and proper.

DATED: May 2, 2017

                                      **BARSHAY SANDERS, PLLC**

                                      By: _/s/ *Craig B. Sanders*_____
                                      Craig B. Sanders, Esq.
                                      100 Garden City Plaza, Suite 500

BARSHAY | SANDERS, PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 113345